# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

Jason Grothjan,

   Plaintiff,

   v.          Case No. 3:17-CV-34 JVB

Indiana Department of Correction, et al.,

   Defendants.

## OPINION AND ORDER

  Jason Grothjan, a pro se prisoner, is suing twelve defendants. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). However, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

  Nine of the defendants are identified only as "John Doe" or "Jane Doe." However, "it is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (citations omitted). Therefore these defendants will be dismissed.

Grothjan names the Indiana Department of Correction (IDOC) as a defendant and seeks monetary damages. However, the Eleventh Amendment generally precludes a citizen from suing a State or one of its agencies or departments in federal court. *Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001). There are three exceptions to Eleventh Amendment immunity: (1) suits directly against the State based on a cause of action where Congress has abrogated the state's immunity from suit; (2) suits directly against the State if the State waived its sovereign immunity; and (3) suits against a State official seeking prospective equitable relief for ongoing violations of federal law. *MCI Telecommunications Corp. v. Ill. Commerce Comm'n*, 183 F.3d 558, 563 (7th Cir. 1999). None of these exceptions apply here. Congress did not abrogate the States' immunity through the enactment of Section 1983. *Joseph v. Bd. of Regents of Univ. of Wis. Sys.*, 432 F.3d 746, 748 (7th Cir. 2005). Indiana has not consented to this lawsuit. The IDOC is not a State official and Grothjan is seeking monetary damages, not prospective equitable relief. Therefore the IDOC will be dismissed.

Grothjan is suing Mr. Darlyrymple, a mental health professional who spoke to him on July 13, 2015, while he was on suicide watch. He alleges that Mr. Darlyrymple did not conduct a proper interview/examination and did not take him seriously. He alleges that Mr. Darlyrymple was deliberately indifferent to his mental health and physical safety. As a result, he alleges he was improperly released back into general population where he attempted suicide two days later on July 15, 2015. "For a medical professional to be liable for deliberate indifference to an inmate's medical needs, he must make a decision that represents such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008) (quotation marks and citations omitted). Giving Grothjan the benefit of the inferences

to which he is entitled at the pleading stage of this proceeding, he has stated a claim against Mr. Darlyrymple in his individual capacity for a violation of the Eighth Amendment.

Finally, Grothjan sues Lt. Travis for events which occurred after he returned from the emergency room following his suicide attempt. Grothjan was still bleeding from the neck. A nurse told Lt. Travis that an artery was bleeding out and that Grothjan had to be taken to the prison medical facility in a different building. Lt. Travis put Grothjan in the only vehicle immediately available and rapidly drove him to the prison medical facility. Grothjan alleges he was barefoot and had to sit sideways in the vehicle on a bench seat. He alleges that Lt. Travis drove erratically and hit a bump.

In medical cases, the Constitution is violated only when a defendant was deliberately indifferent to an inmate's serious medical needs. *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997). "[C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (quotation marks, brackets, and citation omitted). "Negligence on the part of an official does not violate the Constitution, and it is not enough that he or she should have known of a risk. Instead, deliberate indifference requires evidence that an official actually knew of a substantial risk of serious harm and consciously disregarded it nonetheless." *Pierson v. Hartley*, 391 F.3d 898, 902 (7th Cir. 2004) (citations omitted). It is not enough to show that a defendant merely failed to act reasonably. *Gibbs v. Franklin*, 49 F.3d 1206, 1208 (7th Cir. 1995). Even incompetence does not state a claim of deliberate indifference. *Walker v. Peters*, 233 F.3d 494 (7th Cir. 2000).

Here, Grothjan was bleeding from an artery in the neck. It was not deliberately indifferent for Lt. Travis to have taken the only available vehicle to transport Grothjan to the prison medical facility. It was not deliberately indifferent to have transported Grothjan without socks or shoes. It was not deliberately indifferent to have driven rapidly. Lt. Travis may have driven negligently, but negligence does not state a claim. Moreover, given the urgency with which Grothjan needed medical attention, it was not deliberately indifferent for Lt. Travis to have driven faster and less comfortably than would normally be appropriate.

Once Grothjan arrived at the prison medical facility, a doctor examined him and determined he had a slow arterial bleed which had to be repaired at the hospital. Grothjan alleges that Lt. Travis should have waited for an ambulance rather than driving him to the hospital in a prison van. He alleges that Lt. Travis drove through a red light and exceeded the posted speed limits. Again, given Grothjan's urgent need for medical treatment, none of these allegations constitute deliberate indifference. Grothjan alleges that because the vehicle did not have emergency lights or sirens, Lt. Travis unnecessary endangered him. Though Lt. Travis may have driven negligently, he was in as much danger as Grothjan. He was rushing to the hospital to save Grothjan's life. That was not deliberately indifferent.

While at the hospital, Lt. Travis had another officer leave to get food. Grothjan alleges that two officers should have been with him at all times while he was outside of the prison. Being with only one guard at the hospital did not deny Grothjan medical treatment. Though this may have violated a prison policy, that does not state a claim. "In order to state a claim under § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right . . .." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). It was not a constitutional violation for Lt. Travis to

have guarded Grothjan alone at the hospital. Grothjan has not stated a claim against Lt. Travis and he will be dismissed.

For these reasons, the court:

(1) **GRANTS** Jason Grothjan leave to proceed on an Eighth Amendment claim for compensatory damages against Mr. Darlyrymple in his individual capacity for being deliberately indifferent to his mental health and physical safety when he examined him on July 13, 2015, which caused Grothjan to be taken off suicide watch and returned to general population where he attempted suicide two days later on July 15, 2015;

(2) **DISMISSES** all other claims;

(3) **DISMISSES** Indiana Department of Correction, John Doe #1, Jane Doe #1, John Doe #2, John Doe #3, Lt. Travis, John Doe #4, Jane Doe #2, Jane Doe #3, John Doe #5, and John Doe #6;

(4) **DIRECTS** the clerk and the United States Marshals Service to issue and serve process on Mr. Darlyrymple with a copy of this order and the complaint as required by 28 U.S.C. § 1915(d); and

(5) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), that Mr. Darlyrymple respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on April 24, 2017.

　　s/ Joseph S. Van Bokkelen　　
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE