UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JASON GROTHJAN, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) CAUSE NO. 3:17-CV-34 PPS-MGG |
| MR. DALRYMPLE, | ) ) ) |
| Defendant. | ) ) ) |

## OPINION AND ORDER

Jason Grothjan, a prisoner without a lawyer, has alleged deliberate indifference to his medical needs in violation of the Eighth Amendment. He claims he spoke with Charles Dalrymple, a mental health professional, on July 13, 2015, while he was on suicide watch at Westville Correctional Facility, and Mr. Dalrymple did not conduct a proper examination nor take him seriously. As a result, he alleges he was improperly released back into general population, where he attempted suicide two days later. (ECF 14 at 2.) I granted Mr. Grothjan leave to proceed against Charles Dalrymple in his individual capacity. (ECF 14 at 5.) The defendant moves for summary judgment, arguing that Grothjan failed to exhaust his administrative remedies, as required by 42 U.S.C. § 1997e(a). (ECF 33.)

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute about a material fact exists only "if the

evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In making this determination, I must construe all facts and draw all reasonable inferences from the record in the light most favorable to the nonmoving party. *Id.*. A nonmoving party like Grothjan, however, is not entitled to the benefit of "inferences that are supported by only speculation or conjecture." *Argyropoulos v. City of Alton*, 539 F.3d 724, 732 (7th Cir. 2008) (citations and quotations omitted). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Pursuant to the Prison Litigation Reform Act, prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The failure to exhaust is an affirmative defense on which the defendant bears the burden of proof. *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). The United States Court of Appeals for the Seventh Circuit has taken a "strict compliance approach to exhaustion." *Id.* Thus, "[t]o exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Id.* at 1024.

Nevertheless, inmates are only required to exhaust administrative remedies that are "available." *Woodford v. Ngo*, 548 U.S. 81, 102 (2006). The availability of a remedy is not a matter of what appears "on paper," but rather whether the process was in actuality available for the prisoner to pursue. *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). Thus, when prison staff hinder an inmate's ability to use the administrative process, administrative remedies are not considered "available." *Id.* In essence, "[p]rison officials may not take unfair advantage of the exhaustion requirement . . . and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Dole*, 438 F.3d at 809. In determining whether an administrative remedy was effectively unavailable, the question is whether the inmate did "all that was reasonable to exhaust" under the circumstances. *Id.* at 812. When there are disputed issues of fact pertaining to whether the plaintiff exhausted, I am required to hold a hearing to resolve those disputes. *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008).

Here, the undisputed facts show Mr. Grothjan was an inmate at Westville Correctional Facility at all times relevant to the events in the Complaint (ECF 38 at 2; ECF 43 at 1). The facility has a formal grievance process in place. The grievance process has three steps: an attempt at informal resolution, submission of a formal written grievance, and a formal appeal. (ECF 38-2 at 3.) The Department of Correction keeps a record of inmates' formal grievances and appeals. (ECF 38-3.)

Based on these facts, defendant argues the complaint should be dismissed

3

because Grothjan has not exhausted the administrative remedies as required by 42 U.S.C. § 1997e(a). Grothjan filed a response to the motion, and he does not dispute that he did not complete the prison's grievance process before beginning this action. (ECF 43.) However, he alleges facts that might suggest the grievance process was unavailable to him.

Grothjan alleges that he was placed on suicide watch on July 15, 2015, following his suicide attempt, and at some point in the following two weeks was transferred from Westville Correctional Facility to New Castle Psychiatric Unit, where he remained on suicide watch until July 28, 2015. (ECF 43 at 2.) He alleges that he asked for grievance forms and a pen both before and after his transfer and was denied those items. He alleges that he continued asking for grievance forms and a pen after he was taken off suicide watch, specifying that he asked his case manager, Mr. Jennings, for forms every time he saw him. (ECF 43 at 2) However, he did not receive the form until December 30, 2015, at which point he "immediately" filled out the form and sent it to the grievance coordinator at New Castle. However, he alleges, the grievance was returned to him because it was untimely and because the events complained of had occurred at a different facility. *(Id.* at 2.)

What Grothjan has filed suggests that he may be able to establish a triable issue of fact regarding whether administrative remedies were unavailable to him, thus requiring a *Pavey* hearing, but more detail is needed before that determination can be made. See generally *Pavey*, 544 F.3d at 742.

4

Grothjan does not provide factual support for his allegations. However, he alleges documentation of his exhaustion effort exists and is in the possession of his father, but cannot be mailed to the prison. (ECF 43 at 3.) He does not give details of how often he requested grievance forms, nor what, if any, reason he was given for why they were denied. He does not say when his informal grievance was denied or who denied it. He does not describe efforts to send his grievance to Westville. Nor does he state whether he provided or attempted to provide prison officials any reason for why he did not submit his informal grievance until December 30, 2015.

In addition, Grothjan's account fails to explain how he was able to obtain a form and file a grievance on November 27, 2015, ECF 38-1 at 6–7, regarding an incident that had occurred at the New Castle facility. As plaintiffs are required to do "all that is reasonable to exhaust" before filing suit, *Dole*, 438 F.3d at 809, Grothjan must explain why he was unable to use those grievance forms to grieve the incident at issue in this case.

When a party has failed to adequately support an assertion of fact in connection with a motion for summary judgment, I have discretion to afford that party an opportunity to properly support that fact. *See* Fed. R. Civ. P. 56(e); *see also Archdiocese of Milwaukee v. Doe*, 743 F.3d 1101, 1109 (7th Cir. 2014). In the interest of justice, and in light of Grothjan's *pro se* status, I will give him an opportunity to file a sworn declaration or affidavit with additional information about his efforts to exhaust. The declaration or affidavit must address the specific issues listed above and may include

other relevant details about Grothjan's efforts to exhaust. Grothjan may also submit any supporting documentation he has or can obtain. If he is unable to obtain the documents held by his father, then his father may mail those documents directly to the Court with a cover letter containing this case's name and number.

For these reasons, the Court:

(1) **TAKES UNDER ADVISEMENT** Defendant Charles Dalrymple's motion for summary judgment for failure to exhaust administrative remedies, pending receipt of supplemental information from the plaintiff;

(2) **ORDERS** Jason Grothnan to submit a sworn declaration or affidavit addressing all questions about his exhaustion efforts raised in the above opinion by **March 15, 2018**;

(3) **GRANTS** Charles Dalrymple leave to respond to any filing by the plaintiff by **April 15, 2018**; and

(4) C**AUTIONS** Jason Grothnan that failure to respond to this order will result in the summary judgment motion (ECF 37) being granted without further notice.

SO ORDERED on February 23, 2018.

                                               /s Philip P. Simon
                                               JUDGE
                                               UNITED STATES DISTRICT COURT