UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JASON GROTHJAN,

    Plaintiff,

    v.                                 CAUSE NO.: 3:17-CV-34-PPS-MGG

MR. DARLYRYMPLE,

    Defendant.

OPINION AND ORDER

This matter is before me on the defendant's motion for summary judgment. The defendant is a prison official who says Mr. Grothjan, an inmate, failed to exhaust his administrative remedies, and therefore summary judgment is proper. This is my second order reviewing this motion. *See* ECF 50. In my previous order, I found that Grothjan had "suggest[ed] the grievance process was unavailable to him." ECF 50 at 4. However, I found he had "not provide[d] factual support for his allegations." *Id*. at 5. Therefore I gave "him an opportunity to file a sworn declaration or affidavit with additional information about his efforts to exhaust." *Id*. In response Grothjan filed an affidavit. ECF 55.

Here is what Grothjan says about how he tried, but was prevented, from exhausting his administrative remedies. "On July 15th, 2015, . . . I was placed on suicide observation in the infirmary at Westville Correctional Facility. While I was on observation I asked an officer, Ms. White, if I could have a grievance form and something to write with. She told me that her orders were that I could not have

anything in my cell with me, so she denied my request." ECF 55 at ¶ 6. "[O]n July 21st, 2015[, u]pon entering New Castle Psychiatric Unit, I was placed in the safety cell [where] I asked the guard if I could have a grievance form and something to write with, though he denied my request." *Id*. at ¶ 6-7. "On July 28th, 2015[,] I told Mr. Jennings that I had an issue to grieve while I was at Westville. He told me that he did not have any grievance forms on him at that time but that he would get me one, and also a pen to write with, as soon as he could. I waited but he did not do so." *Id*. at ¶ 7. "I was not permitted to go to the law library and I did not know the proper grievance Procedure . . .." *Id*. at ¶ 8.

> I asked another offender in a cell across from me if I could borrow a pen and he slid one to me under the door. I got some request slips from the officer but the officer did not have any grievance forms. I was told that I had to get grievance forms from my case manager Mr. Jennings. I wrote to Mr. Jennings and asked him to send me a grievance form and a pen but he did not respond to my requests, and I made a request every few days, they were all unanswered. Every time that I would see Mr. Jennings on the range I would remind him that I needed those items, but he just pacified my requests and would say that he would do it, but he never did. All of September passed without any requests being answered and no grievance form or a pen being given to me.

*Id*. "I would ask guards but they would tell me to get that stuff from my case manager."

*Id*.

> I finally borrowed a few pieces of notebook paper from the offender across from me on my range. I wrote a letter to the grievance specialist at Westville describing my issue that I had experienced there and sent it to Westville Correctional Facility in a state envelope. I waited to hear something back all of October 2015. I did not hear anything back from them so I figured that it was either taking too long or they were ignoring me. I never got a response to that letter I wrote to Westville.

*Id*. at ¶ 9. "At the end of October[,] I began writing request slips to [Ms. Miller] and

2

talking to her on the range about getting grievance forms and a pen. She was just as unhelpful as Mr. Jennings had been. I believed that my time for filing a grievance over the issue at Westville had long passed, and without being able to use the law library, there was no way for me to know what the policy for filing a grievance even was. I just believed that I would not be able to file a grievance now after all this time had passed."

*Id.* at ¶ 10.

> On November 26th, 2015, I got a grievance form that another offender had in his cell and slid to me under the door, because I had another issue at New Castle to grieve. I believed that it was too late to use this grievance form to grieve the incident at Westville and I went on to grieve the incident at New Castle. I still had no access to the law library and was not aware that there were clerks that came from the law library almost every Saturday on the range to answer our questions. I was always asleep when they came due to my medications and the early time that they would come onto our range at about 7am, or I would have asked them for their help. I believed I could not grieve the issue at Westville because too much time had passed. I still continued to ask the case manager, Ms. Miller, for items that I needed like grievance forms and a pen. She did not send me any grievance forms or a pen until December 30th, 2015, which I have a request form from, that she wrote on, stating that she finally gave me a grievance form and a pen on this date.

*Id.* at ¶ 11.

> I am not sure of the date, but at some point I used another grievance form to send to the grievance specialist at New Castle Psychiatric Unit. I got this grievance form from another offender, just like the one I got from him on November 26th, 2015. I tried to grieve the incident at Westville but the grievance form was returned to me stating that my grievance was too late and that it happened at another facility, and that I should send them a grievance. I sent a grievance on the official state form during the first week of January of 2016. I never received a response from Westville for this second attempt at following the grievance procedure.

*Id.* at ¶ 12.

With these sworn statements, Grothjan has presented evidence that he tried, but was prevented from, utilizing the grievance system because it was made unavailable to him. Thus, the defendant has not carried his burden and summary judgment cannot granted. However, if the defendant believes there are disputed issues of fact pertaining to whether the plaintiff exhausted, the defendant may request a hearing to resolve those disputes. *See Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008). Therefore, even though the motion for summary judgment will be denied, the defendant may request a *Pavey* hearing if he believes he can prevail.

For these reasons, the court DENIES the summary judgment motion (ECF 37) and GRANTS the defendants until **August 30, 2018**, to request a hearing pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008).

SO ORDERED on August 6, 2018.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT